**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――――――――
**FRANCISCO PEREZ,**

              **Petitioner,**        07 Civ. 11179 (JGK)

      - against -              **MEMORANDUM OPINION**
                                             **AND ORDER**
**UNITED STATES OF AMERICA,**

              **Respondent.**
―――――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

     The petitioner, Francisco Perez, moves pro se pursuant to 28 U.S.C. § 2255 to set aside or correct his sentence, which was entered following his guilty plea to one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The petitioner claims ineffective assistance of trial counsel, based on his counsel's failure to object to the criminal history calculations in the plea agreement and the Pre-Sentence Report ("PSR"). The petitioner alleges that several of these calculations were erroneous, resulting in an improper Criminal History Category being assigned to him.

     The petitioner also had moved initially to reduce his sentence based on a November 1, 2007 amendment to the criminal history calculations in the United States Sentencing Guidelines ("Sentencing Guidelines"). The petitioner argued that his counsel was ineffective for not anticipating the issuance of

this amendment, that the amendment should be applied retroactively to him, and that his sentence accordingly should be reduced under 18 U.S.C. § 3582(c)(2). In his Traverse, however, the petitioner abandons this claim. The petitioner acknowledges that the Sentencing Guidelines amendment, apparently Amendment 709, does not affect his sentence because it does not change the rule that prior offenses separated by an arrest are counted separately in calculating criminal history points. See U.S.S.G. § 4A1.2(a)(2).

For the reasons explained below, this petition must be dismissed because it is time-barred, and, in any event, is without merit.

I.

On February 21, 2006, the petitioner pleaded guilty, pursuant to a written plea agreement (the "Plea Agreement"), to one count of possessing ammunition in and affecting interstate commerce, after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

In the Plea Agreement, the defendant and the Government stipulated that the Sentencing Guidelines in effect as of November 1, 2005, applied to the defendant's plea. (Plea Agreement at 2.) The parties also stipulated that the defendant's Offense Level was twenty-one: the defendant

2

committed the offense subsequent to sustaining two previous felony convictions for controlled substance offenses, resulting in a Base Offense Level of twenty-four, pursuant to § 2K2.1(a)(2), and he received a three-level reduction for timely acceptance of responsibility, pursuant to § 3E1.1(a) and (b). (Plea Agreement at 2.) The defendant was assigned Criminal History Category VI, based on eighteen criminal history points, calculated under U.S.S.G. §§ 4A1.1 and 4A1.2, for having six prior convictions and for committing the offence while under a criminal justice sentence and less than two years after his release from imprisonment. (Plea Agreement at 2-4.) Eighteen criminal history points was far in excess of the thirteen points required for Criminal History Category VI.

    Based on these calculations, the parties stipulated that the defendant's Sentencing Guidelines range was seventy-seven to ninety-six months, that a sentence within this range would be reasonable in light of the factors set forth in 18 U.S.C. § 3553(a), that neither a downward nor an upward departure from this range was warranted, and that neither party would seek a sentence outside the stipulated Sentencing Guidelines range. (Plea Agreement at 4.) The defendant also agreed not to file a direct appeal, nor litigate under 28 U.S.C. § 2255, any sentence within or below this range. (Plea Agreement at 4-5.)

The Pre-Sentence Report ("PSR") independently calculated the defendant's Offense Level, Criminal History Category, and Sentencing Guidelines range, arriving at the same conclusions as did the Plea Agreement. (PSR 5-10, 14.) Similarly, on May 26, 2006, following issuance of the PSR, Perez's trial counsel submitted a letter to this Court that acknowledged Perez was appropriately assigned Criminal History Category VI, corresponding to a sentencing range of seventy-seven to ninety-six months imprisonment.

At sentencing on June 2, 2006, the Court adopted the PSR's findings of fact and sentenced the defendant principally to seventy-seven months imprisonment, to be followed by a three-year term of supervised release. (Sent. Tr. 9.) The judgment was filed on June 13, 2006.

On November 15, 2007, without having pursued a direct appeal of his conviction, Perez submitted the current § 2255 petition.  The petitioner argues that his trial counsel was ineffective for failing to challenge the Criminal History Category and supporting calculations contained in the Plea Agreement and the PSR.

II.

The Government argues that the petition is time-barred. Section § 2255 motions are governed by a one-year statute of

limitations. See 28 U.S.C. § 2255(f).  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Because the petitioner did not file a direct appeal of his conviction, the conviction became final on June 27, 2006, the deadline for filing an appeal. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005)(unappealed federal criminal judgment becomes final for purposes of § 2255 when time for filing direct appeal expires); see also Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within ten days after the later of the entry of the judgment being appealed or the filing of the government's notice of appeal); Fed. R. App. P. 26(a)(2)( calculation of period of time less than eleven days should exclude intermediate Saturdays, Sundays, and legal holidays).  Thus, when the petitioner filed his present petition

5

on November 15, 2007, it was well over one year since his conviction became final.[1]

The petitioner argues that the one-year period should be deemed to have started, not when his judgment became final, but upon the issuance of Amendment 709 to the Sentencing Guidelines in November, 2007, when he first discovered that he might have an ineffective assistance of counsel claim. According to the petitioner, the amendment removed the impediment imposed by the Sentencing Guidelines provisions in effect at the time of his guilty plea and sentencing, by changing the law regarding the calculation of criminal history points.  The petitioner also argues that the Sentencing Commission's action in passing the amendment constituted a fact that could not have been discovered previously with due diligence.  Because the one-year limitations period should be calculated from the amendment's date of issuance, the petitioner argues, his motion remains timely.

However, as the petitioner acknowledges in his Traverse, the amendment did not change the rule that prior offenses separated by an arrest are counted separately in calculating criminal history points, even if the offenses are consolidated at sentencing. See U.S.S.G. § 4A1.2(a)(2).  Thus, the amendment did not remove any "impediment" to Perez's petition by changing

---

[1] Perez's Motion Under 28 U.S.C. § 2255 is dated November 15, 2007.  His affidavit in support of the § 2255 motion is dated November 1, 2005.  Under either date, the petition is far outside the one-year limitations period.

6

the law, nor did it provide new "facts" supporting his claim that could not previously have been discovered. Rather, the petitioner had all of the information with respect to his own criminal history, the calculations in the PSR, and the Court's sentence at the time the judgment of conviction became final. If he believed that his trial counsel had been ineffective for failing to object to any of the criminal history calculations, he could have brought that claim within one year by exercising reasonable diligence; no extraordinary circumstances prevented him from filing the petition on time. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (stating that, to obtain equitable tolling, party must demonstrate that "extraordinary circumstances" prevented his timely filing, and party must have acted with "reasonable diligence" throughout the period he seeks to toll). The petition must therefore be dismissed because it is time barred.[2]

---

[2] It is unnecessary to reach the government's additional arguments that the petitioner should be procedurally barred from proceeding with the petition because he failed to raise his arguments of ineffective assistance of counsel on a direct appeal, and that the current petition is barred by the waiver provision of the Plea Agreement. Generally, ineffective assistance of counsel arguments can be raised first in a § 2255 petition, see Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (citing Massaro v. United States, 538 U.S. 500, 505-06 (2003)), and a waiver provision in a plea agreement does not apply to a claim of ineffective assistance of counsel in connection with entering into the agreement. See Parisi v. United States, No. 06-1148-pr, 2008 WL 2390322, at *3 (2d. Cir June 13, 2008) (citing United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001)); see also Frederick v. Warden, 308 F.3d 192, 195 (2d Cir. 2002) ("[A] waiver of appellate or collateral rights does not foreclose an attack on the validity of the process by which the waiver has been procured . . . .") (internal citation omitted).

7

III.

In any event, the petition is without merit. To establish a claim of ineffective assistance of counsel, the petitioner must show that: (1) his counsel's performance was deficient in that it was objectively unreasonable under the professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner argues that his counsel was deficient in not challenging the criminal history point calculations contained in the Plea Agreement and the PSR, which the petitioner argues were erroneous. Because these calculations were correct, there is no basis for the petitioner's claim of ineffective assistance of counsel.

Initially, the petitioner argued that he should not have been assessed three points each for his May 8, 1997, February 18, 1998, and March 9, 1998 convictions in state court for controlled substance offences. However, this argument appears to have been abandoned in the Traverse. In any case, the argument misconstrues the Sentencing Guidelines. Under U.S.S.G. § 4A1.2(a)(2), prior sentences always are counted separately for the purpose of assessing criminal history points when the offenses are separated by an intervening arrest. Perez was arrested for three separate drug offenses, on March 13, 1997,

8

December 10, 1997, and February 20, 1998, respectively. (See PSR 6-8.)  Each offense was therefore correctly assigned three criminal history points.

In the Traverse, the petitioner argues for the first time that the May 8, 1997 and February 18, 1998 convictions should have been assigned only one criminal history point each, and not three points each, because these offenses resulted in sentences of time served and probation, and not sentences exceeding one year and one month under U.S.S.G. § 4A1.1(a).  Arguments raised for the first time in a reply brief can be rejected, see Evangelista v. Ashcroft, 359 F.3d 145, 156 n.4 (2d Cir. 2004)(citing United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003)).  In any event, the petitioner's argument clearly misconstrues the Sentencing Guidelines.  In connection with both the May 8, 1997 and February 18, 1998 convictions, the petitioner was initially sentenced to time served and probation, but he later was resentenced subsequent to his violation of probation to terms of imprisonment that exceeded one year and one month.  For the purposes of calculating criminal history points, the term of imprisonment imposed on revocation of probation is added to the original term to determine whether the term of imprisonment exceeds one year and one month.  See U.S.S.G. § 4A1.2(k)(1).  Hence, both of these convictions were correctly assigned three criminal history points.

The petitioner also argues that he should not have been assigned one point for committing the current offense less than two years after his release from the imprisonment imposed on November 23, 1999. While the petitioner argues that he was released on parole on March 17, 2003, parole was subsequently revoked on April 7, 2004, and the petitioner was re-paroled on April 22, 2004. For purposes of calculating his criminal history points, the relevant date is that of his last release from custody. See U.S.S.G. § 4A1.2(k)(2)(A)("Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the points for § 4A1.1(e) in respect to the recency of last release from confinement."). Because the current offense was committed on March 26, 2005, less than two years after the petitioner was released from custody on April 22, 2004, the assignment of one criminal history point was correct.

Finally, the petitioner argues that no criminal history points should have been assigned for his August 6, 2002, and January 30, 2004 convictions, for which he was assessed two and one criminal history points respectively, because they involved the simple possession of controlled substances, without the intent to distribute or sell. This argument is also raised for the first time in the Traverse, and can be rejected on that basis alone. See Evangelista, 359 F.3d at 156 n.4. In any

10

event, the argument is without merit. Section 4B1.1 of the Sentencing Guidelines, on which the petitioner relies, provides the Sentencing Guidelines calculations for a "career offender." However, the petitioner was not sentenced under that Guideline. For the purposes of defining career offenders, "controlled substance offense" includes only "possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). However, this definition has no applicability to the calculation of criminal history points. Section § 4A1.1, which governs the criminal history point calculation, states that points should be assigned for each "prior sentence." All felony, misdemeanor and petty offenses are included, except for those excluded under § 4A1.2(c). Convictions for possession of controlled substances are not among the offences excluded under § 4A1.2(c), nor are they similar to these offences. See, e.g., United States v. Boots, 314 F. Supp. 2d 141, 144-45 (N.D.N.Y. 2004) (criminal possession of a controlled substance is not excluded under § 4A1.2(c)); Hall v. United States, Nos. 01 Civ.7525, 99 CR. 794, 2002 WL 31357780, at *2 (S.D.N.Y. Oct. 17, 2002) (narcotics misdemeanors are not excluded under § 4A1.2(c)).

Therefore, there is no merit to any of the petitioner's arguments regarding the calculation of his criminal history score. The petitioner's criminal history points far exceed the

number necessary for him to be assigned Criminal History Category VI, and he has failed to raise any colorable claim that he qualifies for a different category. Therefore, his trial counsel's failure to challenge these calculations was not unreasonable, and the petitioner suffered no prejudice because of his counsel's actions. The petitioner's claim of ineffective assistance of counsel is accordingly without basis.

The petitioner also requests an evidentiary hearing to review his claims. However, because the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, no hearing is required. See Ochoa-Suarez v. United States, Nos. 07 Civ. 9275, 03 Cr. 747, 2008 WL 2220637, at *4 (S.D.N.Y. May 27, 2008) (citing 28 U.S.C. § 2255(b)); see also Chang v. United States, 250 F.3d 79, 86 (2d Cir.2001) (a district court has discretion to rely on documentary evidence in deciding habeas petition, and need not conduct a "full-blown testimonial hearing" when in-court testimony "would not offer any reasonable chance of altering [the court's] view of the facts").

## CONCLUSION

For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**. The Clerk is directed to enter judgment dismissing the petition and closing this case.

The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated:  New York, New York
        June 30, 2008

_____
John G. Koeltl
United States District Judge